**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKEEM DILLON,<br><br>    Petitioner,<br><br>    v.<br><br>TAYLOR,<br><br>    Respondent. | Case No. 1:24-cv-00623-SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF No. 16) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 7, 9, 10.)

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California, serving a 108-month sentence for conspiracy and possession with intent to distribute methamphetamine. (ECF No. 1 at 1; ECF No. 15 at 2.[1]) In the petition, Petitioner asserts that the Federal Bureau of Prisons ("BOP") is unlawfully excluding Petitioner from applying his First Step Act ("FSA") Earned Time Credits ("FTCs" or "ETCs") due to high recidivism. (ECF No. 1 at 2, 6.) Petitioner requests that the Court direct the BOP to immediately calculate and apply all of the FTCs to which he is entitled. (ECF No. 1 at 7.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On October 5, 2024, Respondent filed a motion to dismiss the petition for lack of constitutional standing and failure to state a claim because Petitioner is barred from applying ETCs based on his undisputed high recidivism risk score. (ECF No. 16.) To date, no opposition or statement of non-opposition to the motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

"On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was enacted. The Act implemented a number of prison and sentencing reforms." Bottinelli v. Salazar, 929 F.3d 1196, 1197 (9th Cir. 2019). With respect to earned time credit, the Ninth Circuit has described the First Step Act's amendments as follows:

> [P]aragraph 102(b)(1) amends [18 U.S.C.] § 3624 by adding subsection (g), which is relevant to the Act's creation of an earned time credit system.[2] [132 Stat.] at 5210-13. The Act requires that, within 210 days of its enactment, the Attorney General establish a "risk and needs assessment system" to, broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and "determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624." § 101(a), 132 Stat. at 5196–97. Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release. § 102(b), 132 Stat. at 5210–13.

Bottinelli, 929 F.3d at 1197–98 (footnote in original).

Section 3632(d)(4)(A) provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C. § 3632(d)(4)(A). "Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

---

[2] In contrast to good time credit, earned time credit is awarded for "successfully complet[ing] evidence-based recidivism reduction programming or productive activities." § 101(a), 132 Stat. at 5198.

Section 3624(g), in turn, defines eligible prisoners as follows:

**(1) Eligible prisoners.**--This subsection applies in the case of a prisoner (as such term is defined in section 3635) who--

**(A)** has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;

**(B)** has shown through the periodic risk reassessments a *demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk*, during the prisoner's term of imprisonment;

**(C)** has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and

**(D)(i)** in the case of a prisoner being placed in prerelease custody, the prisoner--

**(I)** has been determined under the System to be a *minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner*; or

**(II)** has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that--

**(aa)** the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;

**(bb)** the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and

**(cc)** the prisoner is unlikely to recidivate; or

**(ii)** in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a *minimum or low risk to recidivate pursuant to the last reassessment of the prisoner*.

18 U.S.C. § 3624(g)(1) (emphasis added).

Here, Petitioner has been assessed with a current recidivism risk level of "High." (ECF No. 16-1 at 8.) During Petitioner's time in BOP custody, a total of six FSA assessments have been conducted and Petitioner was assessed with a recidivism score of High on all six occasions. (Id. at 11.) Petitioner does not dispute that he has been determined to be a high recidivism risk. (ECF No. 1 at 6.) Petitioner has not "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk" nor has he "been determined under the System to be a minimum or low risk to recidivate pursuant to

the last 2 reassessments" or "the last reassessment of the prisoner." 18 U.S.C. §§ 3624(g)(1)(B), (D)(i)(I), (D)(ii). Accordingly, the Court finds that Petitioner is not an eligible prisoner, as determined under section 3624(g), and thus, is ineligible to apply First Step Act time credits and cannot be transferred into prerelease custody or supervised release. As Petitioner cannot obtain the relief he seeks in the petition, Respondent's motion to dismiss will be granted.

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 16) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: **February 5, 2025**

STANLEY A. BOONE
United States Magistrate Judge